<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1068**

CANON, U.S.A., INCORPORATED,

                Plaintiff - Appellant,

        v.

LEASE GROUP RESOURCES, INCORPORATED; LUIS G. ROGERS,

                Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  James C. Cacheris, Senior
District Judge.  (1:03-cv-01192-JCC-TRJ)

Argued: January 28, 2009            Decided: February 25, 2009

Before NIEMEYER and MICHAEL, Circuit Judges, and Arthur L.
ALARCÓN, Senior Circuit Judge of the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

Dismissed by unpublished per curiam opinion.

**ARGUED:** Russell James Gaspar, COHEN & MOHR, L.L.P., Washington,
D.C., for Appellant.  Benjamin Sorrells Boyd, DLA PIPER US
L.L.P., Washington, D.C., for Appellees.  **ON BRIEF:** Andrew J.
Mohr, COHEN & MOHR, L.L.P., Washington, D.C., for Appellant.
Mitka T. Baker, DLA PIPER US L.L.P., Washington, D.C., for
Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case arises out of the complex business arrangements and dealings between Canon, U.S.A., Inc. (Canon) and Lease Group Resources, Inc. (LGR) relating to photocopier equipment leasing. In February 2002 the two companies entered into a Settlement Agreement (or Agreement) which purported to settle all claims that had arisen between them. When disputes arose during the implementation of the Settlement Agreement, Canon brought the present action in the Eastern District of Virginia alleging fraud and breach of the Agreement by LGR. LGR counterclaimed, alleging fraud, misrepresentation, breach of contract, intentional interference with contract and conspiracy by Canon. Canon now appeals from the district court's order granting LGR's motion for summary judgment on all of Canon's fraud and breach of contract claims; denying Canon's motion to dismiss or grant judgment on count I (breach of contract) of LGR's counterclaim -- a count eventually dismissed without prejudice; and dismissing without prejudice counts III-V (misrepresentation and fraud) of LGR's counterclaim. The district court's order also granted Canon's motion to dismiss counts II (intentional interference with contract) and VI (conspiracy) of LGR's counterclaim. We conclude that all of Canon's claims and all of LGR's counterclaims are covered by the provisions governing "Disputes" in the parties' February 2002

Settlement Agreement. Because these provisions foreclose appellate review of the disposition of district court determinations governing Disputes, we hold that Canon's appeal is barred by contract. Accordingly, the appeal is dismissed.

I.

Canon sells and leases photocopier equipment, fax machines, and other products to federal government agencies through its federal marketing division. LGR is a lease finance company that purchases equipment from distributors and delivers the equipment to end-user customers in exchange for assignment of the lease payment stream. In September 1993 Canon and LGR entered into a lease finance letter agreement under which Canon agreed to sell to LGR copy equipment to be leased to government and non-profit customers. In June 1998 Canon was awarded a Blanket Purchase Agreement (BPA) by the Defense Automated Printing Service (later renamed Document Automation Production Service) (DAPS) under which DAPS obtained photocopier equipment and related services. Pursuant to the BPA, Canon and LGR entered into approximately 1,500 lease transactions. The lease transactions proceeded as follows: A federal agency would issue to Canon a purchase order for the lease of equipment, which Canon would forward to LGR. LGR would commit to purchasing from Canon the equipment covered by the lease. Canon or its dealers

3

would install and maintain the equipment and invoice LGR. And, finally, LGR would invoice the federal lessee monthly and collect the lease payment stream.

Many of the leases that LGR financed included a requirement that Canon supply maintenance for the equipment as part of the monthly lease charge. Canon provided this maintenance through local dealers, which were independent businesses that sell and service Canon equipment. In exchange, LGR agreed to remit to Canon's dealers the maintenance portion of each monthly lease payment it received.

In 2000 DAPS began withholding lease payments due to LGR. As a result, LGR became delinquent on its payments to Canon for the leased equipment and stopped remitting the maintenance portion of the lease payments to Canon's dealers. In February 2001 Canon began issuing monthly payments or credits to its dealers to compensate them for the maintenance payments they should have received from LGR. In July of that year Canon sued LGR in the Eastern District of Virginia (Civ. Action No. 01-1086). Canon sought to recover approximately $4.7 million that LGR allegedly owed for photocopier equipment it had agreed to purchase and also to recover payments and credits Canon had given to its local dealers in lieu of maintenance payments that LGR failed to remit. LGR counterclaimed against Canon for failure to buy back certain cancelled or defaulted leases. In

4

February 2002, shortly before trial, the parties entered into a Settlement Agreement which established a pool of unpaid LGR invoices (the Lease Payment Pool) whose revenues were to be placed in escrow to secure payment to Canon.

After the Settlement Agreement was signed, Canon claimed that LGR had misrepresented certain information relating to the size of the Lease Payment Pool and consequently the amount of money that would be available to Canon under the Agreement. In May 2003, at the parties' request and in accordance with the Settlement Agreement, the district judge appointed a Special Master to "fully and finally reconcile the parties' accounts and to calculate the final dollar amount due to Canon, net of all payments made by and credits due to Lease Group Resources, pursuant to the terms of the Settlement Agreement." J.A. 150.

In September 2003, before the Special Master had completed his work, Canon initiated the present action (Civ. Action No. 03-1192) against LGR and its president, Luis G. Rogers, in the Eastern District of Virginia. This action was assigned to a different district judge. Canon's new complaint alleged fraud and constructive fraud relating to the amount of unpaid invoices in the Lease Payment Pool and various breach of contract claims under the Settlement Agreement related to LGR's alleged failure to make certain escrow payments, to pay

equipment invoices for certain undocumented and disputed leases, and to remit certain dealer payments and maintenance payments to Canon. LGR counterclaimed alleging, among other things, that Canon breached contractual obligations to LGR and made fraudulent or negligent misrepresentations by instructing federal lessees, including DAPS, to remit payments to Canon rather than LGR. The second district judge stayed the proceedings in this action pending the report of the Special Master in the first action, Civ. Action No. 01-1086.

In a Final Report dated July 22, 2005, and a Supplemental Report dated April 4, 2006, the Special Master resolved the factual disputes at issue in the first action. On May 31, 2006, the district judge in that action issued an order fully adopting the Special Master's Supplemental Report. The Supplemental Report concluded that Canon was entitled to a total of $4,004,717 of which $2,862,899 would be paid over time through the Lease Payment Pool with the difference ($1,141,818) due immediately to Canon. The judge's order adopting the Special Master's Supplemental Report awarded a deficiency judgment to Canon for $1,141,818.

Following the May 2006 order that adopted the Special Master's Supplemental Report in the first action, the (second) district judge vacated the stay in the present action. Canon therefore sought to use the findings from the Special Master's

report in conjunction with a theory of collateral estoppel to move in the present action for summary judgment on all of its claims and to obtain a judgment against LGR for the $2,862,899 deficiency. In May 2007 the judge denied Canon's motion and granted LGR's cross-motion for summary judgment, reasoning that all of Canon's claims arose out of the same nucleus of common fact as those in the first action (Civ. Action No. 01-1086) and were thus barred by res judicata. The judge concluded that "[t]he [Lease Payment Pool] remains effective as the means of remitting the remaining amount of liability, and Canon maintains a right to draw the money owed from any lease payments made into the [Lease Payment Pool]." J.A. 481. Canon now appeals. We review a district court's grant or denial of a motion for summary judgment de novo. Nader v. Blair, 549 F.3d 953, 958 (4th Cir. 2008).

II.

Article 10 of the Settlement Agreement provides the "[s]ole and exclusive process" for settlements of "disputes" under the Agreement. J.A. 108. Section 10.1.1, titled "Disputes Generally" provides that

> Canon and LGR each acknowledges that disputes may arise between them concerning their respective rights and obligations under or relating to this Agreement ("Disputes"), including, but not limited to, the interpretation of documents, reconciliation and

7

confirmation of lists appended to or developed under this Agreement, and the payment of money.

J.A. 108. Under section 10.1.3 "Canon and LGR each agrees and consents that the United States District Court for the Eastern District of Virginia will have sole and exclusive jurisdiction and venue to settle any and all Disputes" and that the parties "will not submit, file or litigate Disputes in any other forum." J.A. 108. Pursuant to section 10.2 Canon and LGR agree to raise all Disputes with each other in writing and attempt to resolve them informally. In the event that this informal dispute resolution fails, section 10.3 permits submission of unresolved disputes to a Special Master. Section 10.4 provides that "[i]f either Canon or LGR do not agree with the decision of the Special Master," they "may submit an objection to the Special Master's decision in writing to the District Court for resolution." J.A. 109. Finally, section 10.5 (titled "No Appeal to Court of Appeals") provides that

Canon and LGR each agrees that the decision of the District Court of a Dispute pursuant to Section 10.4 will be final, binding and non-appealable. Canon and LGR each agrees that it may not and will not submit, file or litigate in the United States Court of Appeals for the Fourth Circuit, or elsewhere, an appeal of the District Court's decision. Canon and LGR agree to abide by such orders, directions and instructions of the District Court's decision in a Dispute.

J.A. 109.

8

All of the parties' claims and counterclaims in this case, properly construed, are covered by the Dispute resolution provisions of the Settlement Agreement. All of Canon's fraud and breach of contract claims relate to the parties' "respective rights and obligations under or relating to th[e] [Settlement] Agreement" and are consequently "disputes" under the Agreement. J.A. 108. Similarly, LGR's fraud, misrepresentation and breach of contract claims pertain to the appropriate payment protocol under the Agreement and thus concern the "payment of money" under the Agreement. Article 10 provides the sole and exclusive process for resolving disputes. Consequently, all of Canon and LGR's claims are governed by the express language of Article 10 of the Settlement Agreement, and Article 10 forbids appellate review of a district court's disposition of any dispute. Canon's appeal is therefore

DISMISSED.